UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SNOWTREE ENTERPRISES, LLC,

    Plaintiff,

v.

SLENDER LADY, INC.,

    Defendant.

Civil Action No. _____

### NOTICE OF REMOVAL

TO: **CLERK OF COURT**
     **U.S. DISTRICT COURT for the DISTRICT OF MASSACHUSETTS**

Please take notice that Defendant Slender Lady, Inc. hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removing this action, Defendant states as follows:

1.    On or about January 26, 2005, Plaintiff Snowtree Enterprises, LLC filed a civil action entitled <u>Snowtree Enterprises, LLC. v. Slender Lady, Inc.</u>, Civil Action No. MICV2005-00254-F, in the Superior Court Department of the Trial Court, Middlesex County, Massachusetts (the "State Court Action").

2.    On February 10, 2005, Defendant received a copy of the Summons and Complaint in the State Court Action. (<u>See</u> **Exhibit A**.) As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after Defendant's first receipt of the Complaint.

3.    As alleged in the Complaint in the State Court Action, Plaintiff is a Massachusetts limited liability company, with its principal place of business in Wayland, Massachusetts.

4. Defendant is a corporation organized under the laws of the State of Delaware, with its principal place of business in San Antonio, Texas.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiff is a citizen of a different state than Defendant and the matter in controversy, as alleged in the Complaint, exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Defendant has, on this day, sent copies of this Notice of Removal to Plaintiff's counsel and to the Clerk of the Superior Court, Middlesex County, Massachusetts, to be filed with that court pursuant to 28 U.S.C. § 1446(d).

7. Pursuant to Local Rule 81.1 of this Court, within thirty (30) days, Defendant will file with the Clerk of this Court certified or attested copies of all records and proceedings in the State Court Action and a certified and attested copy of all docket entries there.

WHEREFORE, Defendant hereby removes this action now pending in the Superior Court, Middlesex County, Massachusetts, to this the United States District Court for the District of Massachusetts.

Respectfully submitted,

SLENDER LADY, INC.,

By its counsel,

*[signature]*

Jason W. Morgan (BBO #633802)
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel.: (781) 749-7200
Fax: (781) 740-4335
jmorgan@dhtmlaw.com

Dated: February 18, 2005

- 3 -

## CERTIFICATE OF SERVICE

    I, Jason W. Morgan, hereby certify that on February 18, 2005, I served a true and correct copy of the foregoing by overnight delivery upon counsel for Plaintiff, Louis M. Ciavarra, Bowditch & Dewey, LLP, 311 Main Street, Worcester, Massachusetts 01601.

                                                                               _____
                                                                               Jason W. Morgan

# EXHIBIT A

Case 1:05-cv-10341-JLT   Document 1   Filed 02/22/2005   Page 4 of 13

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — (CONTRACT) —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. 05-0254

MIDDLESEX , ss
[seal]

SNOWTREE ENTERPRISES LLC , Plaintiff(s)

v.

SLENDER LADY, INC. , Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon .... Louis M. Ciavarra ............

................................... plaintiff's attorney, whose address is Bowditch & Dewey LLP, 311 Main St., Worcester, MA 01615-0156 ........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, Cambridge, MA 02141 ........................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ........................................................

the ............................................. day of ....................................

....................., in the year of our Lord ............................ .

[signature: Edward J. Sullivan]
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001



COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

MIDDLESEX, ss.                                             CIVIL ACTION NO. 05-0254

SNOWTREE ENTERPRISES LLC )
)
Plaintiff, )
)
v. )
)
SLENDER LADY, INC. )
)
Defendants. )
)

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX JAN 26 2005 COMPLAINT CLERK

## PARTIES

1.  Plaintiff, Snowtree Enterprises LLC ("Snowtree"), is a Massachusetts limited liability company with its principal place of business in Wayland, Middlesex County, Massachusetts.

2.  Defendant, Slender Lady, Inc. ("Slender Lady"), is a Delaware corporation with its principal place of business at 45 N.E. Loop 410, Suite 500, San Antonio, Texas.

## FACTS

3.  On July 17, 2003, Snowtree entered into a Franchise Agreement ("Agreement") with Slender Lady, whereby Slender Lady agreed to award Snowtree four franchises to operate Slender Lady personal training and general fitness facilities.

4.  Snowtree's plan was to open several franchises, including one in Sudbury, and one in Wayland, Massachusetts ("Snowtree Franchises"). In fact, Snowtree paid in full for four franchises and paid deposits for four additional franchises.

5. By the terms of the Agreement, Slender Lady agreed to provide, among other things, initial and sustained technical, marketing and operational support to facilitate the success of the Snowtree Franchises. Slender Lady was aware of the fact that Snowtree had no prior experience in the health or fitness fields, and was relying upon Slender Lady for support.

6. Slender Lady failed to provide the most basic support to the Snowtree Franchises in accordance with its contractual obligations and as a result the Snowtree Franchises sustained substantial losses and were forced to close.

7. Specifically, Slender Lady did not provide Snowtree with exercise equipment, marketing materials and operational manuals until after the opening of its first location. Rather, Snowtree was forced to create and supply some of these materials on its own and at great expense.

8. Slender Lady failed and/or refused to respond to repeated requests for the aforementioned materials.

9. In addition, from January, 2004 to June, 2004 Slender Lady experienced significant internal turmoil, when the Chief Executive Officer and President, Robert Morgan, left the company and a management struggle ensued, leading to significant organizational changes. There was significant turnover in other key positions as well, including Bob Rieser, Executive Vice President; Joe Verdugo, Vice President-Compliance; and Dr. John Verdugo, Chief Executive Officer. Among other things this resulted in Snowtree being unable to obtain support and assistance from Slender Lady.

10. In addition, between January, 2004 and June, 2004 Slender Lady changed the positioning of a Slender Lady franchise from a weight loss center to a discount

exercise studio then to premium weight loss studio. This represented a fundamental change in strategy affecting all aspects of the business, including pricing, employee qualifications, target customers and marketing.

11. During this six month period Slender Lady continuously failed to, among other things, (1) respond to emails from Snowtree citing problems and asking for assistance; (2) answer or return repeated phone calls on marketing and operational questions; and (3) provide essential customer-related documentation and material such as marketing flyers, coupons, and other advertising material as well as updates to procedures manuals. Rather, Snowtree was forced to plan, design and produce these materials on its own and at great expense, which affected Snowtree's chances to gain new members at both locations. Similarly, despite representing to Snowtree that an updated Nutrition Guide would be timely sent to the Snowtree Franchises, it did not arrive until months after promised. The original manual was so replete with errors that entire pages had to be removed. The problems with the original manual and the lack of an updated manual severely hampered Snowtree's efforts to get members for its nutrition program, which program is considered essential to the success of any Slender Lady franchise.

12. As a result, after 8 months of operation there were insufficient members to generate revenue sufficient to pay the franchise fees and operating expenses.

13. As a material term of the Franchise Agreement, Snowtree received an exclusive territory. In violation of this Agreement, Slender Lady entered into an agreement with another franchisee to place a Slender Lady in Natick, Massachusetts ("Natick Franchise"). Slender Lady publicly announced the Natick Franchise on its

website. This resulted in potential new clients not joining the Snowtree Franchises because Natick was more convenient.

14. To date, Snowtree has incurred estimated capital costs and expenses related to their Snowtree Franchises totaling over $360,000.

## COUNT I
### (Breach of Contract)

15. Snowtree repeats and realleges the allegations in Paragraphs 1 through 14 of this Complaint, and by reference incorporates them herein.

16. As set forth herein, Defendants entered into an enforceable Agreement with Snowtree for the operation of the Snowtree Franchises.

17. By their actions as described herein, including but not limited to (1) failing and/or refusing to provide the initial equipment and operational materials prior to opening, as required under the Agreement; (2) failing and/or refusing to provide Snowtree with adequate marketing support and guidance as mandated under the Agreement; and (3) entering into a separate agreement for the Natick Franchise in violation of the Agreement, Slender Lady has breached its contractual obligations to Snowtree.

18. Pursuant to the terms of the Franchise Agreement, Slender Lady must reimburse Snowtree for the franchise fees it paid.

19. As a result of Slender Lady breach of its obligations under the Agreement, Snowtree has been damaged in an amount to be determined at trial.

## COUNT II
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

20. Snowtree repeats and realleges the allegations in Paragraphs 1 through 19 of this Complaint, and by reference incorporates them herein.

21. As set forth herein, Slender Lady entered into an enforceable Agreement with Snowtree.

22. In conjunction with its contractual duties to Snowtree, Slender Lady impliedly agreed to act in good faith and fairly toward Snowtree.

23. By the actions as described herein, including but not limited to (1) failing and/or refusing to provide the initial equipment and operational materials prior to the opening as required under the Agreement; (2) failing and/or refusing to provide Snowtree with adequate marketing support and guidance as mandated under the Agreement; and (3) entering into a separate agreement for the Natick Franchise in violation of the Agreement, Slender Lady has breached its implied covenant to act in good faith toward and to deal fairly with Snowtree.

24. As a result of Slender Lady's breach of the implied covenant of good faith and fair dealing, Snowtree has been damaged in an amount to be determined at trial.

## COUNT III
### (Misrepresentation)

25. Snowtree repeats and realleges the allegations in Paragraphs 1 through 24 of this Complaint, and by reference incorporates them herein.

26. Prior to executing the Franchise Agreement, Slender Lady made numerous false representations of material fact to Snowtree upon which Snowtree reasonably relied. These false statements were made during the fall of 2002. They were made in person

during a sales presentation and by telephone. Slender Lady knew or should have known that these statements were untrue.

27. More specifically, Slender Lady has represented to Snowtree it would conduct a national advertising campaign, including but not limited to a national television commercial. Snowtree is informed and believes that Slender Lady did not have any plans to conduct such a campaign and did not intend to conduct such a campaign when it made the representation. As a result of this misrepresentation, the Snowtree Franchises have no name recognition in Massachusetts, and are at the mercy of local competitors who benefit from such advertising.

28. During the sales presentation conducted by Slender Lady, its agents expressed to Snowtree and other Slender Lady franchisees concerns regarding Bruce Sharpe and that Sharpe's role as owner would be limited and that he would not have any management responsibility. Snowtree has information and believes that either these statements were false or that they were made without a sufficient basis of knowledge.

29. Slender Lady, through its agents, represented to Snowtree that it had a "winning formula" that could result in 300 to 500 members or more, and that new Franchise owners could expect to both recruit 50 new members and turn a profit, all in the first month. Snowtree reasonably relied upon these material misrepresentations by purchasing the franchises.

30. Slender Lady misrepresented to Snowtree that if the location was not successful, it would purchase it back.

31. Snowtree alleges that the above statements were false when made and that Slender Lady either knew they were false or made them with negligent disregard as to their truth.

32. Snowtree reasonably relied upon these false statements.

33. As a result of Slender Lady's misrepresentations, Snowtree has suffered damages in the amount to be determined at trial.

### COUNT IV
### (Violation of Unfair Trade Practices Act)

34. Snowtree repeats and realleges the allegations in Paragraphs 1 through 33 of this Complaint, and by reference incorporates them herein.

35. At all relevant times hereto, Snowtree and Slender Lady were engaged in trade or commerce within the meaning of M.G.L. c. 93A.

36. By the conduct more fully described above, Slender Lady has engaged in unfair and deceptive business practices.

37. Slender Lady's conduct has been willful and intentional.

38. As a result of Slender Lady's unfair and deceptive acts and practices, Snowtree has suffered damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiff Snowtree Enterprises LLC respectfully requests this Court to:

A) Enter Judgment for Snowtree on all Counts and award Snowtree damages;

B) Award Snowtree treble damages plus their reasonable attorney's fees and costs pursuant to M.G.L. c. 93A; and

C) Enter such other and further relief as this Court deems just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS.

SNOWTREE ENTERPRISES LLC.
By its attorney,

*/s/ Louis M. Ciavarra*
Louis M. Ciavarra (BBO #546481)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Date: January 21, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)

   Snowtree Enterprises, LLC v. Slender Lady, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.
   (See Local Rule 40.1(A)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See Local Rule 40.1(G)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC § 2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to Title 28 USC § 2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? (See Local Rule 40.1(D))
   YES ☒   NO ☐

   A. If YES, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If NO, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal – are there any motions pending in the state court requiring the attention of this Court?
   (If YES, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Jason W. Morgan
ADDRESS    Drohan, Hughes, Tocchio & Morgan, P.C., 175 Derby Street, Suite 30, Hingham, MA 02043
TELEPHONE NO.    (781) 749-7200

(Coversheetlocal.wpd - 10/17/02)

JS 44
(REV. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Snowtree Enterprises, LLC

**DEFENDANTS**
Slender Lady, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Antonio, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(C) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
Louis M. Ciavarra
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01601-01568

**ATTORNEYS (IF KNOWN)**
Jason W. Morgan
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure Of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS | | ☐ 865 RSI ( 405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Equipment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUES UNLESS DIVERSITY)
Claims for breach of contract, breach of implied covenant of good faith, misrepresentation, and Chapter 93A violation

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $ excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE February 18, 2005
SIGNATURE OF ATTORNEY OF RECORD /s/ Jason W. Morgan

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____